IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **DALLAS BUYERS CLUB, LLC** | : | Case No.: 1:14-cv-01142-WTL-MJD |
| Plaintiff, | : | |
| v. | : | |
| DOE 1-20, | : | |
| Defendants. | : | |

### DEFENDANT'S MOTION TO VACATE ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENAS PRIOR TO RULE 26(f) CONFERENCE

Defendant Bermon Pritt ("Defendant"), formerly known as Defendant John Doe #10, by counsel, respectfully moves this Court for the entry of an order vacating the Court's Order Granting Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to Rule 26(f) Conference ("Order") [CM/ECF 12] and Plaintiff's August 15, 2014 third party subpoena to Comcast Corporation ("Comcast) as to Defendant. This Court should grant Defendant's motion because the reasons for which Plaintiff moved for the Order, and the purposes for which the Court entered the Order, have been satisfied as to Defendant. A proposed order granting Defendant's motion and the relief requested herein is attached to this motion.

**I.    INTRODUCTION.**

Plaintiff filed its Complaint against Does 1-20 on July 8, 2014. CM/ECF 1. Plaintiff filed its Motion for Leave to Serve Third Party Subpoenas Prior to Rule 26(f) Conference and Brief in Support of its Motion ("Motion for Leave" and "Brief in Support") on August 5, 2014. CM/ECF 10, 11. The Court granted Plaintiff's Motion for Leave on August 15, 2014. CM/ECF 12. On

October 1, 2014, undersigned counsel filed his Notice of Appearance on behalf of Defendant John Doe #10 ("Doe 10"). CM/ECF 13.  On October 9, 2014 Defendant filed his Notice of Disclosure of Identity, identifying himself to this Court and to Plaintiff by operation of the Court's electronic filing system.  CM/ECF 14.

**II.  THE COURT SHOULD VACATE THE ORDER AS TO DEFENDANT BECAUSE PLAINTIFF NOW POSSESSES DEFENDANT'S TRUE NAME AND DEFENDANT'S COUNSEL IS AUTHORIZED AND AGREES TO ACCEPT SERVICE OF THE SUMMONS AND COMPLAINT ON DEFENDANT'S BEHALF.**

Plaintiff obtained leave to serve third party subpoenas on ISPs prior to a Rule 26(f) conference "solely to determine the true identities of the Doe Defendants[,]" in order to "serve the Defendants with process." ECF 11 at 3; ECF at 2 ("Plaintiff sued each Defendant as a "Doe" because Defendants committed infringement using online pseudonyms ('user names' or 'network names'), not their _true names_."); Id. ("Defendants' _actual names_ may only be obtained from the non-party Internet Service Providers[.]"); ECF 11 at 4 ("[T]his Court and other courts have granted motions for leave to take expedited discovery to serve subpoenas on ISPs to obtain the _identities_ of Doe Defendants prior to Rule 26 conference."); ECF 11 at 7 ("The ISPs can identify each Defendant by _name_… Thus, Plaintiff can show that all Defendants are '_real persons_' whose _names_ are known to the ISP and who can be sued in federal court."); ECF 11 at 8 ("Plaintiff only seeks to discover the _name and address_ of the Defendants. This […] will enable Plaintiff to advance the action."); ECF 11 at 9 ("Plaintiff will not be able to serve the Defendants with process and proceed with this case… [s]ince identifying the Defendant by _name_ is necessary for Plaintiff to advance the asserted claims[.]"); ECF 11 at 10 ("Being _named_ as a defendant in this action does not expose an individual to embarrassment.  It is not blackmail."); Id. ("The first and necessary step that Plaintiff must take to stop the infringement of its valuable copyright is to _identify_ the Doe Defendants[.]"); ECF 11 at 10-11 ("This lawsuit cannot proceed without the

limited discovery Plaintiff seeks because the ISPs are the only entities that can *identify* the otherwise anonymous Defendants."); ECF 11 at 11 ("Courts regularly permit early discovery where such discovery will 'substantially contribute to moving th[e] case forward."); Id. ("Plaintiff requests permission to serve a Rule 45 subpoena on the ISPs it has identified… so that the ISPs can divulge the *true name and address* of each Doe Defendant Plaintiff has identified to date[.]") (emphasis mine).

The Court's Order provides: "Plaintiff may serve each of the ISPs with a Rule 45 subpoena commanding each ISP to provide Plaintiff with the *true name and address* of the Defendant to whom the ISP assigned an IP address as set forth on Complaint Exhibit B." ECF 12 at 1, ¶ 2.

Plaintiff's claim that the only way it can obtain the true names and addresses of the Doe Defendants is through the ISPs, is obviously incorrect: a Doe Defendant may voluntarily identify himself/herself to the Court and to Plaintiff.  That is exactly what Defendant did.  On October 9, 2014, Defendant, by counsel, filed his Notice of Disclosure of Identity, identifying himself to the Court and to Plaintiff via the Court's electronic filing system. CM/ECF 13. Counsel for Defendant's appearance is on file in this case, and his contact information is readily accessible to Plaintiff on the docket, and appears on each of Defendant's court filings.  Civil Docket For Case #: 1:14-cv-011142-WTL-MJD.

**Plaintiff now knows Defendant's true and actual name and that he is a real person; and, Counsel for Defendant is authorized and agrees to accept service of the summons and complaint on Defendant's behalf.**  Defendant voluntarily satisfied the purposes of the Order as to himself, and aided Plaintiff in advancing its asserted claims and moving this case forward. As

such, Plaintiff's third party subpoena to Comcast is unnecessary and requests discovery prior to the time permitted by Rule 26 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(d).

### III. CONCLUSION.

For all of the foregoing reasons, this Court should vacate the Order and Plaintiff's subpoena as to Defendant, and allow both parties to conduct discovery on equal footing according to the timing and sequence prescribed by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(d).

**WHEREFORE,** Defendant Bermon Pritt respectfully requests that this Court enter an order granting his Motion to Vacate Order Granting Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to Rule 26(f) Conference, and vacating the Order and Plaintiff's third party subpoena as to Defendant; and for all other relief this Court deems just and proper.

Respectfully Submitted,

*/s/ Gabriel J. Quearry*
Gabriel J. Quearry, #30412-32
gq@quearrylaw.com
QUEARRY LAW, LLC
386 Meridian Parke Lane, Suite A
Greenwood, Indiana 46142
(317) 285-9896 (telephone)
(317) 534-3069 (facsimile)
*Attorney for Defendant*
*Bermon Pritt*

### CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties by operation of the Court's electronic filing system, and to the following nonparty via fax per the request of the affected nonparty.

Subpoena Compliance/Custodian of Records
Comcast Holdings Corporation
c/o CT Corporation
150 W. Market Street, Ste. 800

-5-

Indianapolis, IN 46204

          */s/ Gabriel J. Quearry*
          Gabriel J. Quearry